**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANGELO A GONZALEZ GIRALDO,

        Petitioner,

v.

LUIS SOTO, et al.,

        Respondents.

Civil Action No. 26-5873 (SDW)

OPINION

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Angelo A Gonzalez Giraldo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Colombia and entered the United States on or about March 23, 2023.  (*Id.* ¶¶ 1-2).  He was detained by Border Patrol that day.  (ECF No. 5-1 at 3).  Petitioner alleged he had a credible fear of persecution and was referred for expedited removal.  (*Id.* at 4).

3.      An asylum officer concluded the Petitioner had established a credible fear of persecution.  (ECF No. 5-5 at 2).  On April 7, 2023, ICE issued a Notice to Appear alleging Petitioner was a noncitizen who was present in the United States without authorization.  (*Id.*)

4.      Petitioner was released on parole on May 1, 2023.  (ECF No. 5-3 at 2).

5.      On June 27, 2025, ICE issued another Notice to Appear, again alleging that Petitioner was a noncitizen who was present in the United States without authorization.  (ECF No. 5-5 at 5).

6.      On or about September 6, 2025, Petitioner was arrested in Stroudsburg, Pennsylvania for driving under the influence.  (ECF No. 1 ¶ 45).[1]  He also has pending charges in Trenton Municipal Court.  (*Id.* ¶ 44).

7.      ICE detained Petitioner on April 11, 2026 when Petitioner reported to an appointment.  (*Id.* ¶ 35).

8.      The Petition followed on May 22, 2026.  (ECF No. 1).

9.      Respondents filed an answer on May 29, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) had a credible-fear screener interview for an asylum claim after which an asylum officer found he had a credible fear of persecution should he be returned to his home country."  (ECF No. 5 at 3).  "Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."  *Id.*

10.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G.*

---

[1] Petitioner pleaded guilty on April 6, 2026 and was accepted into the Accelerated Rehabilitative Disposition program.  (ECF No. 1 ¶ 45).

*G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12.     This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[2]

13.     Both the April 7, 2023 and June 27, 2025 Notices to Appear allege that Petitioner is a noncitizen who is "*present* without admission or parole." (ECF No. 5-5 at 2, 5 (emphasis added)).  "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

14.     The fact that Petitioner was paroled does not mean that he was originally detained pursuant to § 1225(b).  *See Chanaguano Caiza v. Scott*, No. 1:25-cv-00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[I]t does not necessarily follow that all those paroled under [8 U.S.C. § 1182(d)(5)(A)] were detained under § 1225 in the first instance.")  At the conclusion of his parole, Petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.*, a noncitizen already present in the county.

15.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(1) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a), which entitles him to an individualized bond hearing.

---

[2] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

16.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 9, 2026